UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCIPAL LIFE INSURANCE
COMPANY,

                          Plaintiff,

        v.

JOEL REISMAN,

                          Defendant.

Civil Action No.

---

COMPLAINT ON BEHALF OF
PRINCIPAL LIFE INSURANCE COMPANY

---

Plaintiff, Principal Life Insurance Company ("Principal Life"), by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Complaint against Joel Reisman, alleges and says:

## INTRODUCTION

1.      Principal Life is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business located at 711 High Street, Des Moines, Iowa 50392-0410.

2.      Principal Life brings this action against Joel Reisman for Declaratory Judgment relief under 28 U.S.C. §2201, and for other relief.  Principal Life seeks a judicial decision that Joel Reisman made material misrepresentations in obtaining Term Life Insurance Policy number 9723010 (hereinafter the "Policy") and that Principal Life may rescind and void the Policy.

3.      Principal Life brings this action to have the Policy declared null and void and rescinded, *ab initio*, because Joel Reisman failed to satisfy the conditions precedent to the

effectiveness of the Policy because at the time the Policy was issued, delivered, and the initial premium paid, Joel Reisman was not actually in the state of health and insurability represented in the insurance applications.

## PARTIES

4.     Principal Life is, and during all times relevant has been, in the business of underwriting policies of life insurance and is authorized to transact the business of insurance in the State of New York.

5.     Joel Reisman is a resident of the State of New York, maintaining a primary residence and domicile located at 282 Mountainview Drive, Monroe, New York, 10950-2429.

## JURISDICTION AND VENUE

6.     This Court possesses subject matter jurisdiction based upon diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

7.     Principal Life is a citizen of the State of Iowa within the meaning and intent of 28 U.S.C. § 1332.

8.     Joel Reisman is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

9.     There is complete diversity of citizenship between the parties to this action pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000 exclusive of interests and costs of suit.

10.     This Court has jurisdiction over Principal Life's declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the district courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

11. Personal jurisdiction exists over Joel Reisman.

12. Venue in the United States District Court for the Southern District of New York is proper because the acts giving rise to the controversy took place in this District within the meaning and intent of 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### A. Application for the Policy of Life Insurance

13. On November 3, 2022, Joel Reisman completed Parts A and C of an Application for term life insurance with Principal Life. Joel Reisman completed Parts B and D of the Application along with a Supplemental Statement and an Amendment and Acceptance Form on December 12, 2022. All Parts of the Application including the Supplemental Statement and Amendment and Acceptance Form are fully incorporated by reference as if same were fully set forth at length herein.

14. In executing the Application, Joel Reisman knew that he was required to provide complete, truthful, accurate and honest answers to the questions on the Application, including his medical history, physical condition, diagnosis, prognosis and treatment.

15. In executing the Application, Joel Reisman knew that Principal Life would rely upon the answers recorded on the Application in determining whether he was insurable and otherwise qualified for the Policy applied for.

16. In executing the Application, Joel Reisman knew that he may be subject to civil and criminal penalties in the event he knowingly made any false or misleading statements in order to obtain the Policy.

17. In completing Part B of the Application, Joel Reisman was asked the following questions concerning his medical history, and he provided the following responses:

**9. MEDICAL QUESTION**

Within the last ten years, has the Proposed Insured been treated for
or diagnosed as having a heart condition, chest pain, stroke, cancer,
diabetes, alcohol abuse or drug dependency?.......
(If yes, explain below.)                                           ☐ Yes   ☒ No

18.     Having answered "No" to this Question, Joel Reisman did not provide any explanation to Question 9.

19.     In completing Part B of the Application, signed on December 12, 2022, Joel Reisman was asked the following Question concerning his Activities/Health Habits and he provided the following response:

**ACTIVITIES/HEALTH HABITS**

\*          \*          \*

4. In the last ten years have you used any tobacco or nicotine products?.............................  ☐ Yes   ☒ No
   (Indicate date last used and amount per day)

   a. ☐ cigarettes _____          d. ☐ pipe _____
   b. ☐ cigars _____              e. ☐ chewing tobacco/snuff _____
   c. ☐ nicotine patch/gum _____          f. ☐ other _____

20.     Having answered "No" to this Question, Joel Reisman did not provide any information concerning his response.

21.     Also in completing Part B of the Application, Joel Reisman was asked the following Questions concerning his Medical History, and provided the following responses:

**MEDICAL HISTORY (Provide details to yes answers, questions 10-11 below)**

10. In the last ten years, have you been treated for or been diagnosed as having:
   a. high blood pressure, heart attack, chest pain, heart murmur, irregular heart beat,
      stroke, or any other disease or disorder of the heart or blood vessels? ......................  ☐ Yes   ☒ No

\*          \*          \*

   g. diabetes, borderline diabetes, sugar in the urine, thyroid disorder or any other disease
      or disorder of the glandular system?...............................................................  ☐ Yes   ☒ No

22.     Having answered "No" to these two Questions, Joel Reisman did not provide any details to his responses to Question 10.a and Question 10.g.

4

23.    In further response to the Medical History Questions on Part B of the Application, Joel Reisman provided the following responses to the following Questions:

**MEDICAL HISTORY (Provide details to yes answers, questions 12-17 below)**

12. Who is your Primary Physician?    ☐ None

| a. Name | Phone Number |
|---|---|
| de zelanko | (845) 782-0000 |

| Street | City | State | Zip |
|---|---|---|---|
| 3 Hamaspik Way, , Monroe, , NY 10950 | | | |

b. Date last seen, reason and details
September, 2021, Checkup/Routine physical, None

13. In the last ten years:

a. have you had any medical tests (other than an HIV test), hospitalization, illness or injury not provided in response to a previous question? (If yes, explain below)............ ☐ Yes  ☒ No

b. have you consulted a doctor, chiropractor, psychiatrist, psychologist, counselor, therapist or other healthcare provider not provided in response to a previous question? (If yes, explain below)................................................................... ☐ Yes  ☒ No

14. Are you taking or have you been advised to take any medication or treatment not provided in response to a previous question? (If yes, explain below)................................ ☐ Yes  ☒ No

24.    Joel Reisman provided the following details in response to Question 12.b:

| Quest. # | Include dates and details as requested. |
|---|---|
| Q12b | Medical condition that prompted check-up: None |
| Q12b | Diagnostic tests: Blood Test |
| Q12b | Result of check-up: Normal |
| Q12b | Additional treatment?: No |

25.    Part C of the Application was marked as Cash on Delivery (C.O.D.).  On November 3, 2022, Joel Reisman signed Part C of the Application specifically agreeing as follows:

**PART C – AGREEMENT/AUTHORIZATION TO OBTAIN AND DISCLOSE INFORMATION**

("COMPANY" means Principal Life Insurance Company")

**AGREEMENT**

Statements in Application: I represent that all statements in this application are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below. I understand and agree that the statements in the application, including statements by the Proposed Insured in any medical questionnaire that becomes a part of this application, shall be the

5

basis of any insurance issued. I also understand that material misrepresentations can mean denial of an otherwise valid claim and rescission of the policy during the contestable period.

**When Policy Coverage Becomes Effective**: Except as may be provided by the Conditional Receipt, I understand and agree that if a policy is issued as applied for with a premium deposit paid, policy coverage will become effective as of issuance. The Company agrees to pay any proceeds pursuant to policy terms subject to the acceptance of the proposed owner and signing of Part D, if applicable.

Except as may be provided by the Conditional Receipt, I understand and agree that If a policy is issued as other than applied for or without a premium deposit (C.O.D.), then policy coverage is not effective and the Company shall incur no policy liability unless:

1) A policy Issued on this application has been physically delivered to and accepted by the owner and the first premium paid; and
2) At the time of such delivery and payment, the person to be insured is actually in the state of health and insurability represented in this application medical questionnaire, or amendment that becomes a part of this application; and
3) The Part D or the Acknowledgment of Delivery form is signed by me and the Proposed Insured (If different-than me) and dated at delivery.

If these conditions are met, the policy is deemed effective on the Policy Date stated in the policy data pages.

**Limitation of Authority**: I understand and agree that no licensed agent, broker, representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights. The Company's right to truthful and complete answers to all questions on this application and on any medical questionnaire that becomes a part of this application may not be waived. No knowledge of any fact on the part of any licensed agent, broker, representative, telephone interviewer, medical examiner or other person shall be considered knowledge of the Company unless such fact is stated in the application.

6

**B.**    **Issuance of the Term Life Insurance Policy**

26.    On or about December 1, 2022, based upon the representations made by Joel Reisman in the Application, Principal Life determined that he was qualified for its Accelerated Underwriting Program.

27.    Following underwriting, on December 12, 2022, Principal Life issued a 20 Year Term Policy (Policy No. 9723010) in the face amount of $2,000,000 with an annual premium amount of $1,995.62 and a risk class of Super Preferred/Non-Tobacco.  The Policy is fully incorporated by reference as if same was fully set forth herein.

28.    On December 12, 2022, Joel Reisman signed a Supplemental Statement.  Therein, Joel Reisman provided the following response to the following Question and acknowledged that his response was true and accurate and became part of his Application and any Policy issued on it:

☐ Yes    ☒ No    1. Have you had any illness or injury or consulted a member of the medical profession since the date of application? If yes, provide details. _____

_____

_____

_____

29.    Joel Reisman verified his representations on the Supplemental Statement by signing immediately below the verification which stated:

I represent that all statements recorded above are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below. I understand and agree that the statements will become part of my application and any policy issued on it.

30.    Also on December 12, 2022, Joel Reisman signed an Amendment and Acceptance Form.  Therein, Joel Reisman again acknowledged that the Policy was issued on the basis of the statements in the Application.

31.    On December 12, 2022, Joel Reisman signed Part D of the Application, Agreement/Acknowledgment of Delivery of Policy No. 9723010, specifically agreeing as follows:

### PART D - AGREEMENT/ACKNOWLEDGMENT OF DELIVERY

**AGREEMENT: Statements In Application**: I have read all the questions and answers obtained during the application process, including Part B on the primary Proposed insured. I represent all statements are true and complete to the best of my knowledge and belief and were correctly recorded before I signed my name below. I have also signed a copy of this Agreement/Acknowledgment of Delivery included with my policy. I understand and agree the statements in the application, including all of its parts and statements by the Proposed Insured in any medical questionnaire or supplement, will be the basis for and form a part of the policy. I understand that material misrepresentations could mean denial of an otherwise valid claim and rescission of the policy during the contestable period.

**When Policy Coverage Becomes Effective**: Except as may be provided by the Conditional Receipt, I understand and agree that if a policy is issued as applied for with a premium deposit paid, policy coverage will become effective as of issuance. The Company agrees to pay any proceeds pursuant to policy terms subject to the acceptance of the proposed owner and signing of Part D, if applicable.

Except as may be provided by the Conditional Receipt, I understand and agree that if a policy is issued as other than applied for or without a premium deposit (C.O.D.), then policy coverage is not effective and the Company shall incur no policy liability unless:

1) A policy issued on this application has been physically delivered to and accepted by the owner and the first premium paid; and
2) At the time of such delivery and payment, the person to be insured is actually in the state of health and insurability represented in the application, medical questionnaire, or amendment that becomes a part of this application; and
3) This form is signed by me and the Proposed Insured (if different than me) and dated at delivery

If these conditions are met, the policy is deemed effective on the Policy Date stated in the policy data pages.

**When an Adjustment Becomes Effective**: Except as may be provided by the Conditional Receipt, I understand and agree that if I apply to adjust

8

my policy coverage, any adjustment approved by the Company is effective as of the Adjustment Date shown on the new data pages for the policy, provided that I and the proposed insured (if different than me) sign this form and any amendment form, if applicable, and return such forms to the Company within 30 days of the adjustment delivery date.

**Limitation of Authority**: I understand and agree no licensed agent, broker, representative, telephone interviewer, or medical examiner has any authority to determine insurability, or to make, change or discharge any contract, or to waive any of the Company's rights. The Company's right to truthful and complete answers to all questions on the application and on any medical questionnaire that becomes a part of this application may not be waived. No knowledge of any fact on the part of any licensed agent, broker, representative, telephone interviewer, medical examiner or other person shall be considered knowledge of the Company unless such fact is stated in the application.

**ACKNOWLEDGMENT OF DELIVERY**
I acknowledge policy numbered 9723010            was delivered to me today and is based on the life of  Joel Reisman          .

32.    The Policy states: "Your policy is issued by Principal Life Insurance Company based on the information in the application and payment of premiums as shown on the Data Pages. We will pay the benefits to this policy in accordance with its provisions."

33.    The Policy contains the following provisions:

**THE CONTRACT**

The policy, the attached application(s), any amendments to the application(s), any adjustment and reinstatement application(s), and the Data Pages make up the entire contract. If We send You revised Data Pages, the Data Pages are to be attached to and made a part of this policy. … All statements made in the application(s), and adjustment application, or any amendment(s) to the application(s) will be considered representations and not warranties. No statement, unless it is deemed to be a material misrepresentation and was made in an application(s), or amendment thereto, will be used to contest Your policy (or contest an adjustment in case of an adjustment application(s) or to defend against a claim.

\*      \*      \*

9

**INCONTESTABILITY**

With respect to material misstatements made in the initial application(s) for this policy, We will not contest this policy after the policy has been in force during the lifetime of the Insured for two years from the Policy Date. With respect to material misstatements made in any subsequent application(s) for reclassification or reinstatement, We will not contest the coverage resulting from such application(s) after the coverage has been in force during the lifetime of the Insured for two years from the date of the change. The time limits in this Incontestability provision do not apply to any attached rider that provides benefits in the event of total disability.

C.    **Accelerated Underwriting Poat-Issue Audit Review**

34.    Subsequent to the issuance of the Policy, Principal Life received follow-up MIB codes dated February 23, 2023 which prompted the ordering of Digital Health Data ("DHD") and a traditional APS from Joel Reisman's Primary Care Physician, Yana Garger, MD.

35.    The DHD and APS records disclose information which was requested, but not disclosed, in Joel Reisman's Application for the Policy.  They reveal that Joel Reisman was diagnosed with Type 2 Diabetes in early September, 2021; had consistently high blood pressure readings from September, 2021 through November, 2022, and self-reported that he was a long-time smoker on September 3, 2021 and that he smoked on a daily basis on November 23, 2022.

36.    During the course of Principal Life's Audit Review, Principal Life discovered that the representations and statements made on Joel Reisman's Application were materially false; that Joel Reisman knowingly, intentionally or negligently failed and omitted to disclose material facts; and otherwise knowingly, intentionally, or negligently failed to accurately, honestly and/or truthfully answer and disclose material information in response to the questions on the Application which, if disclosed, Principal Life would have declined to issue the Policy.

37.    In its Audit Review, Principal Life received medical records which disclosed historical health information which was not disclosed and was misrepresented by Joel Reisman

10

in his Application for the Policy.

38.    Specifically, and by way of illustration only, Joel Reisman knowingly and intentionally made material misstatements of fact; failed, refused and omitted to disclose material facts; and otherwise failed to correctly answer and disclose the following information in response to the questions contained in the Application.

**D.    Underwriting Review**

39. After review of Joel Reisman's medical records and the applicable Underwriting Guidelines, Principal Life's Underwriter concluded that Joel Reisman made misrepresentations on his Application for the Policy.   The Underwriter opined as follows:

> Had we known of his diabetes and uncontrolled hypertension he would not have qualified for Accelerated Underwriting. We would have required labs, vitals and an APS. His diabetes would have been rated +50 at best and his blood pressures +39 debits so we would have been Tobacco Table 4 which would have covered the fatty liver, assuming his liver enzymes on insurance labs had been normal. The rating also assumes his COVID pneumonia completely recovered and was no longer ratable.

40.    Additional medical records obtained after September 22, 2023 confirmed Joel Reisman's diagnosis of Type 2 Diabetes.

41.    Upon review of the additional records, the Underwriter opined that Principal would have issued at Table 2 Non-Tobacco ratings.

42.    The medical consultations, evaluations, and treatments received by Joel Reisman should have been, but were not, disclosed by him in response to questions on the Application.

43.    The representations and statements contained in Joel Reisman's responses to Questions contained in the Application were incomplete, inaccurate, and false.

44.    The misrepresentations indicated above were material to Principal Life's decision to offer coverage on Joel Reisman under the Policy.

45.    Had Principal Life known of the medical information subsequently discovered during its Audit Review, it would not have issued the Policy.

46.    By letter and check being issued concurrently with the filing of this complaint, Principal Life refunded to Joel Reisman all premiums paid on the Policy with interest.

47.    If Joel Reisman refuses the refund of premiums with interest, Principal Life will seek leave to deposit such premiums and interest with the Court pending its determination of this action.

## FIRST COUNT

## DECLARATORY JUDGMENT

48.    Principal Life repeats and realleges the allegations in paragraphs 1 through 47 inclusive as if the same were fully set forth at length herein.

49.    Joel Reisman knowingly, willfully and/or negligently made material misstatements of fact; failed to disclose material facts in response to the questions on the insurance application; and otherwise failed, refused, and/or omitted to disclose material facts all of which as aforesaid.

50.    Principal Life has no adequate remedy at law and therefore seeks that the Policy of life insurance bearing policy number 9723010 be declared null and void and rescinded, *ab initio*.

**WHEREFORE**, Principal Life demands judgment against Joel Reisman for relief more particularly described as follows:

(a)    An order declaring and adjudging the Policy of life insurance bearing policy number 9723010 to be null and void and rescinded *ab initio*; and

(b)     An order permitting Principal Life to deposit with the Clerk of the Court monies representing the premiums paid on the Policy to be held pending the Court's determination as to the parties' respective rights, obligations, and liabilities; and

(c)     An order awarding pre-judgment interest, post-interest judgment, costs of suit, reasonable attorney fees and such relief as the Court deems equitable and just.

## SECOND COUNT

## MISTAKE OF FACT

51.     Principal Life repeats and realleges the allegations contained in paragraphs 1 through 50 inclusive as if the same were fully set forth at length herein.

52.     Principal Life issued the Policy pursuant to, and in accordance with, a mistake of fact all of which as aforesaid.

53.     Principal Life has no adequate remedy at law and therefore seeks that the Policy be declared null and void and rescinded, *ab initio*.

**WHEREFORE**, Principal Life demands judgment for against Joel Reisman for relief more particularly described as follows:

(a)     An order declaring and adjudging the Policy of life insurance bearing policy number 9723010 to be null and void and rescinded *ab initio*; and

(b)     An order permitting Principal Life to deposit with the Clerk of the Court monies representing the premiums paid on the Policy to be held pending the Court's determination as to the parties' respective rights, obligations, and liabilities; and

(c)     An order awarding pre-judgment interest, post-interest judgment, costs of suit, reasonable attorney fees and such relief as the Court deems equitable and just.

13

## THIRD COUNT

### FAILURE TO SATISFY CONDITIONS PRECEDENT

54.    Principal Life repeats and realleges the allegations contained in Paragraphs 1 through 53 inclusive, as if the same were fully set forth at length herein.

55.    On the date the Policy was delivered and accepted and the first premium paid, Joel Reisman was not in a state of health and insurability represented in the Application.

56.    Joel Reisman failed to satisfy the conditions precedent for coverage to be effective under the Policy.

57.    Principal Life has no adequate remedy at law and therefore seeks that the terms and provisions of the Policy pertaining to the conditions precedent to the effectiveness of coverage be specifically enforced.

**WHEREFORE**, Principal Life demands judgment against Joel Reisman for relief more particularly described as follows:

(a)    An order specifically enforcing the conditions precedent to the effectiveness of coverage under and pursuant to the Policy; and

(b)    An order declaring and adjudging the Policy was and is not effective, and is null and void and of no force and effect;

(c)    An order permitting Principal Life to deposit with the Clerk of the Court monies representing the premiums paid on the Policy to be held pending the Court's determination as to the parties' respective rights, obligations, and liabilities; and

(d)    An order awarding prejudgment interest, post-judgment interest, costs of suit, reasonable attorney fees and such other relief as the Court deems equitable and just.

Dated:  November 27, 2024   By: /s/ Louis P. DiGiamimo
               LOUIS P. DiGIAIMO, ESQ.
               COLLEEN M. DUFFY, ESQ.
               (Pro Hac Vice Application to be filed)
               **MCELROY, DEUTSCH, MULVANEY**
                **& CARPENTER, LLP**
               Attorneys for Plaintiff Principal Life Insurance
                Company
               570 Broad Street
               Newark, NJ 07102
               Tel.: (973) 622-7711
               Email: cduffy@mdmc-law.com
               Email: ldigiaimo@mdmc-law.com

5057610

15